UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA IOANA D'AMATO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-04397-HSG<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 4 |

Pro se Plaintiff Irina Iona D'Amato has filed a complaint against a number of defendants, including the Department of Health and Human Services, "Children Protective Services," the San Francisco Police Department, the State of California, the Superior Court of San Francisco, San Francisco Juvenile Detention, and the City and County of San Francisco. Dkt. No. 1 ("Compl."). To the extent that the Court can decipher Plaintiff's allegations, Plaintiff asserts that Defendants unlawfully abducted her minor children and destroyed her home in 2016. *Id.* at 1. Plaintiff requests that the Court issue a temporary restraining order and vacate several orders of the state family court pertaining to the removal of her children. *Id.* Plaintiff seeks leave to proceed *in forma pauperis*. Dkt. No. 4.

**I.　INTRODUCTION**

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action and that her action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Plaintiff's application, the Court finds that she is unable to pay the full amount of fees, costs or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay

1  the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the

2  action is legally frivolous and accordingly **DENIES** the motion to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.7. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure ("Rule") 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must provide the grounds that entitles her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff is pro se, the Court construes her pleadings liberally and affords them the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. ANALYSIS

Rule 8 requires, in relevant part "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Plaintiff cannot satisfy this requirement by writing in the margins of other documents, as she attempts to do here. Though Plaintiff asserts that Defendants illegally removed her children and destroyed her home, Plaintiff fails to identify Defendants' conduct with any degree of specificity that might allow the Court to assess whether her allegations contain facts sufficient to state any cognizable legal claim. Furthermore, Plaintiff fails to cite any constitutional

or statutory basis for these allegations that would allow the Court to assess the merits of her claims and whether this case is within its jurisdiction.

In summary, the complaint fails to articulate what each defendant, specifically, is alleged to have done that violated any specific law or legal standard. General conclusions and assertions are not enough. Even liberally construed, Plaintiff's allegations are insufficient to state a claim on which relief can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court finds that Plaintiff has failed to meet that minimum threshold and accordingly **DISMISSES** the complaint.

## IV. CONCLUSION

Despite these deficiencies, the Court cannot conclusively say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). If she chooses to file an amended complaint, Plaintiff must do so by no later than 28 days from the date of this order. In the amended complaint, Plaintiff must clearly identify: (1) each legal claim; (2) the facts and legal basis supporting each claim; and (3) the defendant against whom the claim is alleged. This clear short and plain statement should be set out in the complaint itself: attaching documents to the complaint does not satisfy the pleading requirements set out above. Plaintiff does not need to re-file a financial affidavit with the amended complaint, because the Court has already found that she is unable to pay the filing fees. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further notice or leave to amend. In addition, the amended complaint will be dismissed if Plaintiff does not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated: 7/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3